## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PALMER BIEZUP & HENDERSON LLP,**

    **Plaintiff,**

    **v.**

**U.S. CUSTOMS AND BORDER PROTECTION,**

    **Defendant.**

**No. 21-cv-_____**

## COMPLAINT

Palmer Biezup & Henderson LLP ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records improperly withheld by U.S. Customs and Border Protection ("CBP").

## Parties

1.    Plaintiff is a Pennsylvania limited liability partnership and has its principal place of business at 190 North Independence Mall West, Suite 401, Philadelphia, PA 19106.

2.    CBP is a component of the U.S. Department of Homeland Security and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

3.    For purposes of this action, CBP may be served by sending a copy of the summons and complaint to each of the following by registered or certified mail:

> United States Attorney's Office
> Attn: Civil Process Clerk
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106-4404

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, DC 20229

## Jurisdiction and Venue

4.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in this district.

## Facts

6.      Plaintiff is a law firm engaged primarily in the practice of maritime law, including representation of shipowners and charterers.

7.      On August 14, 2020, CBP issued a letter directing the Motor Vessel LMZ ARIEL to post security guards at the gangway during the vessel's call at Riverside Terminal in Bristol, Pennsylvania.

8.      Substantial costs were incurred to arrange security guards in compliance with CBP's directive.

9.      Despite request, CBP refused to explain the basis for its security-guard directive.

10.      A disagreement arose between the owners and charterers of the LMZ ARIEL as to which of them should bear the costs of complying with CBP's security-guard directive.

11.    On September 15, 2020, Plaintiff—acting on the instructions of the vessel's charterers—submitted a FOIA request to CBP via the FOIAonline website. A copy of the request is attached hereto as Exhibit A.

12.    Plaintiff's FOIA request sought the following:

(1)    All records—including any policies, procedures, directives, interpretations, analyses, determinations, and explanations—relating in any way to CBP Area Port of Philadelphia's decision to require the posting of private security guards at the gangway of the Motor Vessel LMZ ARIEL (IMO # 9632818) (the "Vessel"), as set forth in the attached letter, during the Vessel's call at Riverside Terminal on August 19-26, 2020;

(2)    all Forms I-259, Forms I-95, Forms I-184, arrival manifests, departure manifests, arrival and departure records, crew lists, receipts for crew lists, and applications for visa waivers relating in any way to the aforementioned port call;

(3)    all "ship intelligence cards" (Forms I-419 or their equivalent) for the Vessel;

(4)    all records of any communications between CBP and the U.S. Coast Guard relating in any way to the aforementioned port call;

(5)    all records evidencing any authority conferred upon CBP to require the posting of private security guards at the expense of a vessel on which CBP has ordered or will order that crewmembers be detained;

(6)    all records evidencing the reason(s) for CBP's requiring the posting of private security guards at the Vessel during the aforementioned port call;

(7)    all memoranda of agreement between the U.S. Coast Guard and CBP regarding the posting of private security guards at the expense of a vessel on which CBP has ordered or will order that crewmembers be detained.

13.    By email dated September 15, 2020, FOIAonline acknowledged receipt of Plaintiff's FOIA request and advised that the request had been assigned tracking number CBP-2020-080270.

14.    In the ensuing months, Plaintiff contacted CBP's FOIA Division on multiple occasions to inquire about the status of the request and to ask that CBP provide a substantive response.

15.    In the most recent communication between Plaintiff and CBP on May 14, 2021, CBP declined to provide any estimate as to when a substantive response would be provided.

16.    Eight months have passed since CBP received Plaintiff's FOIA request, and CBP still has not provided any substantive response.

17.    The requested records are urgently needed in connection with a pending arbitration proceeding commenced by the owners of the LMZ ARIEL against the charterers, Plaintiff's client.

## Count I
### Violation of FOIA: Failure to Comply With Statutory Deadlines

18.    Plaintiff incorporates by reference the foregoing paragraphs 1–17.

19.    CBP has failed to make a determination regarding Plaintiff's FOIA request within 20 days and has thus violated 5 U.S.C. § 552 (a)(6)(A)(i) and 6 C.F.R. § 5.5.

20.    Plaintiff has constructively exhausted all applicable administrative remedies with respect to its FOIA request. 5 U.S.C. § 552(a)(6)(C)(i).

## Count II
### Violation of FOIA: Improper Withholding of Agency Records

21.    Plaintiff incorporates by reference the foregoing paragraphs 1–20.

22.    CBP has improperly withheld agency records requested by Plaintiff.

23.    Plaintiff has constructively exhausted applicable administrative remedies

with respect to CBP's withholding of the requested records.

24.     Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request. 5 U.S.C. § 552(a)(6)(C)(i).

25.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.     Order CBP to immediately conduct a reasonable search for all records responsive to Plaintiff's FOIA request;

B.     Order CBP to disclose to Plaintiff all responsive records as expeditiously as possible;

C.     Order CBP to produce the requested records without the assessment of search, review, or duplication fees;

D.     Award Plaintiff costs and reasonable attorneys' fees; and

E.     Grant such other relief as may be just and proper.

                                        Respectfully submitted,

Date: May 17, 2021                       /s/ Daniel H. Wooster (PA 91180)
                                        PALMER BIEZUP & HENDERSON LLP
                                        190 N. Independence Mall West
                                        Suite 401
                                        Philadelphia, PA 19106
                                        (215) 625-7849
                                        dwooster@pbh.com
                                        Attorneys for Plaintiff